**Glenridge Coal Company et al., Appellants, v. Marion County Coal Company, Appellee.**
**Marion County Coal Company, Appellee, v. Glenridge Coal Company et al., Appellants.**

### Gen. No. 22,280.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Frederick A. Smith, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed April 10, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Glenridge Coal Company, Knowlton L. Ames and Thomas C. Loucks, complainants, against the Marion County Coal Company, defendant, for an accounting and damages for an alleged breach of contract for the sale of coal, and cross-bill by defendant to recover for coal sold and delivered. From a decree in favor of defendant on its cross-bill for $7,842.86 and dismissing complainants' bill for want of equity, complainants appeal.

WALTER W. Ross, for appellants.

MAYER, MEYER, AUSTRIAN & PLATT and NOLEMAN & SMITH, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 83*—*when seller has right to cancel contract for failure to make stipulated payments.* On a bill for an accounting and for damages for breach of contract, where the defendant, as owner and operator of a coal mine, had made a contract with the complainant for the exclusive right to sell the output of such mine with an exception as to sale within a certain radius, and where the time for payment was fixed to meet pay days of the defendant, and defendant had to rely upon regular remittances in order to keep its mine in operation, and, against the continued objections of the defendant as to irregularity in payments, the complainant failed to make payments as provided for, and the defendant finally canceled the contract after a large amount had become overdue, contract construed and *held* that, inasmuch as time was clearly of the essence of the contract, the defendant was justified in canceling such contract because of the failure to make payments as provided, and that the dismissal of the bill for want of equity was proper.

2. CONTRACTS, § 330*—*what does not constitute waiver of past breaches.* The continuation of a contract in force after various breaches does not constitute a waiver of past breaches, where the alleged waivers are conditioned upon the future fulfillment of the contract.

3. CONTRACTS, § 345*—*when action for breach may not be maintained.* An action for breach of a contract cannot be maintained where the complaining party is in default.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.